IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM M. STURDEVANT,

                              Petitioner,

    v.                                                                         OPINION & ORDER

RANDALL HEPP,                                                              14-cv-697-jdp

                              Defendant.

---

      Pro se petitioner Adam M. Sturdevant is a Wisconsin prisoner confined at the Oregon Correctional Center. He has been convicted of his fifth offense for operating a motor vehicle while under the influence (OWI). Sturdevant seeks a writ of habeas corpus under 28 U.S.C. § 2254(a) to challenge his sentence imposed by the Wisconsin Circuit Court for Columbia County.

      I will deny Sturdevant's petition for three reasons. First, Sturdevant contends that the state government violated his due process rights by failing to produce him at two court hearings and that if he had attended, he would have accepted a plea offer from the state and serve a reduced sentence. His argument mistakenly assumes that he could have entered into a plea at those missed hearings. The state had already withdrawn the plea offer and Wisconsin law did not allow Sturdevant to enter into a plea at those hearings. Second, Sturdevant collaterally attacks his fourth OWI conviction based on alleged ineffective assistance of counsel, but ineffective assistance of counsel does not warrant challenging a prior conviction used to enhance a current sentence. Third, Sturdevant has failed to raise in the state courts a few issues of law or fact that he raises now, which I cannot consider in a habeas petition.

BACKGROUND

This case involves five criminal convictions, six attorneys, and two Wisconsin counties. Sturdevant was charged with his fifth offense of OWI in November 2011 and he had an initial appearance during the same month before in the Columbia County. At the initial appearance, he waived the time limits for a preliminary hearing anticipating that he would waive his right to the preliminary hearing at a later date, and asked the court to schedule a return date. The court set a return date for December 2011 and released Sturdevant on bond. But while he was out on bond, Sturdevant was arrested on a bail-jumping charge in the Dane County. Sturdevant's counsel (the first of many) requested the return hearing to be postponed, and the Columbia County court rescheduled the hearing for March 2012 and issued a writ of habeas corpus directing the Dane County sheriff to produce Sturdevant at the March 2012 hearing.

For unknown reasons, the sheriff's department did not execute the writ, and Sturdevant did not appear at the May 2012 hearing. But in Sturdevant's absence, his newly appointed second attorney appeared at the hearing and indicated that Sturdevant wanted to accept a plea offer that the state had made. According to Sturdevant, the proposed plea would have ensured that his Columbia County sentence ran concurrently to the Dane County sentence and that his Columbia County sentence would start immediately after his conviction.

The Columbia County court set a new return date for June 2012 and issued another writ of habeas corpus. The Dane County sheriff's department again did not execute the writ, this time because petitioner had a hearing in the Dane County court on the same day.

When Sturdevant finally appeared in the Columbia County court in August 2012 by the means of a third writ of habeas corpus, he was represented by his third attorney, and the Public Defender's office was appointing a fourth attorney for Sturdevant at Sturdevant's request. The prosecutor informed the court that the state had already withdrawn its plea offer and requested a preliminary hearing to be in September 2012.

In September 2012, Sturdevant appeared with his fourth attorney and waived his right to a preliminary hearing. The prosecutor filed an information, and Sturdevant pleaded no contest to the fifth OWI charge. A month later, the Columbia County court sentenced him to two years of initial confinement and one year of extended supervision, to be served consecutively to the sentence from the Dane County court.[1]

The Public Defender's office appointed a fifth attorney for Sturdevant after his conviction. The attorney advised him that he had no meritorious grounds for an appeal. Sturdevant then discharged his fifth attorney and proceeded pro se to challenge his Columbia County sentence in three separate ways. First, he submitted a postconviction motion in 2012. Second, he filed a petition for writ of habeas corpus, a so-called "*Knight* petition,"[2] with the

---

[1] It is unclear whether Sturdevant began serving the sentence from the Columbia County. The Columbia County court imposed a sentence that Sturdevant had to serve consecutively with another sentence imposed by the Dane County court. *See* Dkt. 1, at 6 and Dkt. 15-1. But based on the record submitted by the parties, it is unclear which of the two sentences that Sturdevant now serves. In any event, as the state argues, Dkt. 15, at 1, the court still has jurisdiction. The Supreme Court has held that two consecutive sentences are viewed in the aggregate for habeas relief and habeas jurisdiction exists to challenge either sentence, because invalidation of either would advance the prisoner's release date. *See Garlotte v. Fordice*, 515 U.S. 39, 41.

[2] The term "*Knight* petition" comes from *State v. Knight*, in which the Wisconsin Supreme Court held that a defendant raising the claim of ineffective assistance of appellate counsel must file a petition for writ of habeas corpus with the court of appeals. 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

Wisconsin Court of Appeals in 2014. Third, he submitted another postconviction motion in 2015. Set forth below are the claims that Sturdevant presented before the state courts.

### A. 2012 postconviction motion

In 2012, Sturdevant submitted a pro se postconviction motion, but the trial court denied his motion. 15-2, at 8. Sturdevant appealed to the Wisconsin Court of Appeals on three grounds:

> (1) denial of his right to be present during the May and June 2012 hearings;
>
> (2) the second and third attorneys' ineffective assistance of counsel, namely their failure to object to his absence during the May and June 2012 hearings and for failure to preserve various rights;[3] and
>
> (3) denial of speedy trial.

Dkt. 15-2. The Wisconsin Court of Appeals affirmed the trial court's decision. Dkt. 15-5, at 5. Sturdevant did not petition the Wisconsin Supreme Court for further review.

### B. *Knight* petition

When Sturdevant pursued a *Knight* petition with the Wisconsin Court of Appeals in 2014, he contended that his appellate counsel had failed to consider several appellate issues, forcing Sturdevant to discharge the attorney and proceed pro se. In his *Knight* petition, Sturdevant claimed ineffective assistance of appellate counsel on eight grounds, in the following order:

> (1) failure to consider collateral attacks on Sturdevant's prior four OWI convictions;

---

[3] Sturdevant argued that his trial counsel failed to preserve the following rights: (1) right to be present at hearings under Wisconsin law, (2) right to be sentenced concurrently under Wisconsin law, (3) right to have bond immediately revoked under Wisconsin law, (4) right to change his plea, (5) right to participate in his own defense, (6) right to a speedy trial, and (7) right to effective assistance of counsel. Dkt. 15-2, at 14-15.

(2) failure to recognize the failure of trial counsel (presumably all four of them) to consider collateral attacks on Sturdevant's fourth OWI conviction;

(3) failure to recognize that Sturdevant was entitled to one extra day of sentence credit;

(4) failure to consider trial counsel's failure to preserve Sturdevant's right to be present at the May and June 2012 hearings;

(5) failure to recognize trial counsel's failure to follow up with the trial court for the one extra day of sentence credit;

(6) failure to recognize trial counsel's failure to preserve Sturdevant's rights abrogated by his absence during the May 2012 hearing;

(7) incorrect application of *State v. Kelty*, 2006 WI 101, 294 Wis. 2d 62 (2006), where the Supreme Court of Wisconsin held that a criminal defendant's otherwise satisfactory guilty plea was relinquishment of her opportunity to have court determine merits of her double jeopardy multiplicity challenge; and

(8) erroneously concluding that Sturdevant "was not denied the opportunity to begin his sentence in Columbia."

Dkt. 15-7, at 2-3. The Wisconsin Court of Appeals denied the *Knight* petition on the merits. Sturdevant filed a petition for review with the Wisconsin Supreme Court. Dkt. 15-11. The Wisconsin Supreme Court denied review.

## C. August 2015 collateral postconviction motion

In August 2015, Sturdevant filed another postconviction motion. He asserted a collateral attack on his fourth OWI conviction based on the theory that he had ineffective assistance of counsel in his fourth OWI case. The trial court denied Sturdevant's motion. Sturdevant appealed, but later he withdrew his appeal. Dkt. 15-14.

5

ANALYSIS

A federal district court may grant habeas relief only when the petitioner demonstrates that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Sturdevant is in custody pursuant to a state judgment, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, governs Sturdevant's petition. 28 U.S.C. 2254(d). Section 2254(d) severely restricts a federal district court's review of a state judgment:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Conner v. McBride*, 375 F.3d 643, 648-49 (7th Cir. 2004). Once the state court has adjudicated the petitioner's claims on the merits, the federal court must be "highly deferential" to the state court's decision. *Davis v. Ayala*, 135 S. Ct. 2187, 2198, *reh'g denied*, 136 S. Ct. 14 (2015). Habeas relief is "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (citation and internal quotation marks omitted). To obtain habeas relief, the petitioner must show that the state court's decision "was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fairminded

6

disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

Here, Sturdevant asserts seven grounds for habeas relief:

(1) due process violations by the Columbia County sheriff office's failure to produce him for the May and June 2012 hearings;

(2) ineffective assistance of his second counsel for failure to object to Sturdevant's absence at the May 2012 hearing;

(3) due process violations by the Columbia County court for failure to hold a *Machner* hearing[4] despite Sturdevant's allegations of ineffective assistance of counsel;

(4) ineffective assistance of appellate counsel for failure to consider possible collateral attack on the fourth OWI conviction, address the one extra day of sentence credit, and raise issues relating to trial counsel's performance;

(5) due process violations by the Wisconsin Court of Appeals for declining to address in its decision on the *Knight* petition the same issues that the same court had already addressed in the 2012 postconviction motion, namely Sturdevant's right to be present during the May and June 2012 hearings;[5]

(6) ineffective assistance of trial counsel in Sturdevant's fourth OWI case that resulted in an enhanced sentence for his fifth OWI conviction; and

(7) denial of the constitutional protections stated in *State v. Hahn*, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528.

---

[4] The term "*Machner* hearing" comes from a Wisconsin Court of Appeals decision, *State v. Machner*, 92 Wis. 2d 797, 804, (Ct. App. 1979), which allows an evidentiary hearing when a criminal defendant's trial counsel is challenged for ineffective assistance. At the hearing, the trial counsel testifies to his or her reasoning on the challenged action or inaction. *Id.* at 908-09.

[5] I initially described Ground Five as "due process violations by the Wisconsin Court of Appeals for concluding that petitioner waived his arguments about ineffective assistance of appellate counsel by choosing to proceed pro se in his direct appeal" in my previous order. Dkt. 11, at 3. After examining the record, I conclude that the Wisconsin Court of Appeals declined to address Sturdevant's argument because the court did so in a prior decision, not because Sturdevant waived it.

**A. Grounds One and Two: right to be present at the May and June 2012 hearings**

Grounds One and Two both concern Sturdevant's right to be present at the May and June 2012 hearings. According to Sturdevant, the denial of his right to be present in these hearings and his trial counsel's failure to object to his absence deprived him of his opportunity to accept the state's plea offer, which would have made his sentences begin concurrently on May 4, 2012. Dkt. 1, at 4, 6. The Wisconsin Court of appeals rejected these claims, and I see no basis to disagree with the court's decision.

Sturdevant could not have accepted the plea even if he had been present at the May and June 2012 hearings. Although the state had extended its plea offer in January 2012, the state withdrew it before the May 2012 hearing. Dkt. 15-23, at 24, 32 (transcript of sentencing hearing in Columbia County); Dkt. 15-24, at 12, 26-27 (transcript of postconviction motion hearing in Columbia County); Dkt. 15-5, at 4 ("[T]he State had withdrawn the plea offer in April . . . ."). Sturdevant had no plea offer to accept at the May 2012 hearing or the June 2012 hearing.

The Wisconsin Court of Appeals also determined that even if the state had not withdrawn its plea offer, Sturdevant could not have entered into a plea at the May 2012 hearing or the June 2012 hearing under Wisconsin law. I must accept this decision because it was an issue of state law. *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law."). According to the Wisconsin Court of Appeals, Wisconsin law requires the state to provide a defendant facing a felony charge with a copy of the information before entering into a plea. Dkt. 15-5, at 4 (citing Wis. Stat. § 971.05). The court further explained that the state cannot provide a copy of the information until the defendant attends a preliminary examination or the

8

defendant waives his right to a preliminary examination. *Id*. Turning to Sturdevant's case, the court found that he had not waived his right to his preliminary examination until September 20, 2012, which was accurate.[6] I cannot disagree with this conclusion because it was based on state law. And even if I had the authority to second-guess it, I see no error.

Accordingly, Sturdevant's Grounds One and Two lack merit.

## B.  Ground Three: *Machner* hearing

For Ground Three, Sturdevant contends that the Columbia County court violated his due process rights by failing to hold a *Machner* hearing. The court should have, Sturdevant says, held a *Machner* hearing even though he never asked for one because he alleged enough facts that warranted a *Machner* hearing. To support this claim, he cites *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996). Dkt. 1, at 7. Sturdevant's claim is barred because he procedurally defaulted on this claim.

A district court cannot grant habeas relief when the petitioner has procedurally defaulted on his claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A petitioner procedurally defaults by failing to fairly present a claim "at each level of state court review." *King v. Pfister,* No. 14-3389, 2016 WL 4446105, at *5 (7th Cir. Aug. 24, 2016) (citation omitted). Fair presentment of a claim requires the petitioner to "have placed both the operative facts and the controlling legal principles before the state courts," and making a "passing reference" to an issue is not enough. *Chambers v. McCaughtry*, 264 F.3d 732, 738

---

[6] The transcript from the March 2012 hearing showed that the trial court scheduled the May 2012 hearing as a status conference, rather than a preliminary examination for a contemplated plea. *See* Dkt. 15-19, at 2-6. Later, at the August 2012 hearing, the trial court scheduled a preliminary examination to occur on September 20, 2012. Dkt. 15-21, at 2-3. During the hearing on September 20, 2012, Sturdevant waived his right to a preliminary examination and entered a plea. Dkt. 15-22, at 2.

(7th Cir. 2001). A procedural default bars federal habeas relief absent one of two conditions: (1) the petitioner demonstrates both cause for and prejudice stemming from the default; or (2) the petitioner establishes that the denial of relief will result in a "miscarriage of justice." *Lewis*, 390 F.3d at 1026.

Here, Sturdevant defaulted on his *Machner* hearing claim because he never presented it to the Wisconsin Court of Appeals or the Wisconsin Supreme Court. Although Sturdevant alleges in his petition that he asserted this claim through his *Knight* petition, the only place where a reference to a *Machner* hearing appears is in the conclusion, where Sturdevant noted in passing that if his appellate counsel were effective, the trial court would have held a *Machner* hearing. Dkt. 15-7, at 5. "[A]n assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues." *Lewis*, 390 F.3d at 1026. And he did not, as he does now, cite *Bentley* or state that he had alleged enough facts for the trial court to hold a *Machner* hearing. Because he presented neither controlling law nor operative facts to the court, he did not fairly present his claim. Thus, he has procedurally defaulted on Ground Three.

Sturdevant raises no argument to show cause, prejudice, or a miscarriage of justice. Accordingly, his procedural default bars Ground Three.

**C. Grounds Four, Six, and Seven: ineffective assistance of counsel**

Grounds Four, Six, and Seven are all predicated on a collateral attack on Sturdevant's fourth OWI conviction based on ineffective assistance of counsel in his fourth OWI case. All three grounds are barred because Sturdevant cannot collaterally attack a prior conviction based on ineffective assistance of counsel in a prior case. For clarity, I will describe Grounds Six and Seven before describing Ground Four. For Ground Six, he contends his fourth OWI

10

conviction should not have been counted towards the enhanced sentence in his fifth OWI conviction because he had ineffective assistance of counsel in his fourth OWI case. For Ground Seven, he contends that he was denied the constitutional protections announced in *Hahn*, 2000 WI 118, 238, which—according to Sturdevant—allows him to assert the collateral attack on his fourth OWI conviction for ineffective assistance of counsel. For Ground Four, he contends that his appellate counsel provided ineffective assistance because the appellate counsel failed to assert the collateral attack on his fourth OWI conviction.

In rare cases, a petitioner can collaterally attack a prior conviction used to enhance a current sentence for failure to appoint counsel in the prior case. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). But the ineffective assistance of counsel in a prior case is not the same as a failure to appoint counsel at all. Only when an attorney is entirely missing—as opposed to one who supposedly provides ineffective assistance—can the petitioner challenge a prior conviction for lack of counsel. *See generally Wilson-El v. Finnan*, 544 F.3d 762, 765 (7th Cir. 2008) (summarizing U.S. Supreme Court case law); *United States v. Foster*, 652 F.3d 776, 792 (7th Cir. 2011) ("ineffective assistance of counsel is simply not a permissible basis for a collateral attack."); *Stanbridge v. Scott*, 791 F.3d 715, 722 (7th Cir. 2015) ("[A] petitioner may challenge the prior conviction when it "was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. . . . That exception would be inapplicable here because Stanbridge was assisted by counsel throughout his criminal case.").

Here, Sturdevant *did* have an attorney in his fourth OWI case; the attorney just didn't do what Sturdevant now believes was wise. Dkt. 1, at 11. This was not a permissible basis for a collateral attack on his prior conviction. Indeed, *Hahn*, the only case Sturdevant cites in

11

support of Grounds Four, Six, and Seven, undermines his claims. In *Hahn*, the Wisconsin Supreme Court explicitly stated that its holding was meant to bring Wisconsin law into conformity with *Curtis v. United States*, 511 U.S. 485 (1994). The Wisconsin Supreme Court recognized, as the U.S. Supreme Court did in *Curtis*, that a criminal defendant cannot collaterally attack his prior conviction based on ineffective assistance of counsel. *See Hahn*, 2000 WI 118, ¶ 16.

Thus, because Grounds Four, Six, and Seven are predicated on Sturdevant's erroneous belief that he could challenge his fourth OWI conviction based on alleged ineffective assistance of counsel, those claims lack merit. For Ground Six, the state courts did not err by rejecting Sturdevant's collateral attack. For Ground Seven, the state courts did not err by rejecting Sturdevant's argument based on *Hahn*. For Ground Four, Sturdevant's appellate counsel did not err by declining to assert the collateral attack.

Sturdevant also argues under Ground Four that his appellate counsel erred by failing to address one extra day of sentence credit. The attorney had apparently written a memorandum explaining that the state would likely stipulate to one extra day of sentence credit. Sturdevant discovered the memorandum when the attorney sent him his case file after being discharged by Sturdevant. Sturdevant now faults the attorney for advising him that he had no meritorious grounds for an appeal, when in fact the attorney had identified this issue in his own memorandum. The Wisconsin Court of Appeals rejected Sturdevant's argument, reasoning that his appellate counsel did not err by advising him that he had no grounds for appeal despite the one extra day of sentence credit, because this issue could be addressed outside of postconviction procedures. Dkt. 15-8, at 4. The court also concluded that even if the appellate counsel were ineffective for advising Sturdevant against an appeal, Sturdevant

suffered no prejudice because Sturdevant could raise and resolve this issue himself with the Department of Corrections or the trial court at any time while he remained in custody. *Id.*

Sturdevant raises no argument to challenge the reasoning of the Wisconsin Court of Appeals. Sturdevant's offers instead only his conclusory assertion that his appellate counsel was ineffective because he failed to address one day of extra sentence credit. I see no error in the analysis by the Wisconsin Court of Appeals.

Also under Ground Four, Sturdevant contends that his appellate counsel was ineffective because he failed to argue that Sturdevant's trial counsel (presumably all four of them) were ineffective. Sturdevant does not identify in his petition or his brief the errors allegedly made by his trial counsel. I construe Sturdevant's contention to mean that the trial counsel made the three errors that Sturdevant identified before the Wisconsin Court of Appeals: (1) failure to assert a collateral attack on the fourth OWI conviction; (2) failure to argue for Sturdevant's right to be present at the May and June 2012 hearings; and (3) failure to raise one extra day of sentence credit. Each of these three claims lacks merit, as explained above.

**D. Ground Five: declining to address the same issues twice**

When the Wisconsin Court of Appeals denied Sturdevant's *Knight* petition, the court declined to address the same issues that it had already addressed on the appeal of Sturdevant's 2012 postconviction motion, namely the issues concerning his right to be present during the May and June 2012 hearings. Dkt. 15-8, at 4. For Ground Five, Sturdevant argues that the court's decision not to address those issues for the second time was an error. It was not. The Wisconsin Court of Appeals had no obligation to address the same issues that it had already addressed in a prior decision. *See Bucaram v. Chandler*, 566 F.

13

Supp. 2d 755, 768 (N.D. Ill. 2007) ("[T]here is no cognizable argument that it violated Bucaram's right to due process for the Illinois state court to apply the doctrine of res judicata to postconviction petitions; this is not fundamentally unfair.").

### E. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Adam M. Sturdevant's petition for a writ of habeas corpus, Dkt. 1, is DENIED.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered October 6, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge