IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ADAM M. STURDEVANT,

                Petitioner,

  v.                                                        ORDER

RANDALL HEPP,                                       14-cv-697-jdp

                Respondent.

---

Pro se petitioner Adam M. Sturdevant is a state prisoner confined at the Oregon Correctional Center. Sturdevant seeks a writ of habeas corpus under 28 U.S.C. § 2254(a) to challenge his sentence imposed by the Wisconsin Circuit Court for Columbia County. I denied his habeas petition in October 2016. Dkt. 21. Sturdevant now moves for reconsideration of Grounds One and Two of his petition. Dkt. 23. I will deny his motion.

For Ground One, Sturdevant argues that he had a right to be present at two hearings: one held on May 4, 2012 and one on June 19, 2012. He argues that his right to be present at those hearings has been violated because the sheriff's department did not produce him at those hearings. Dkt. 1, at 4-5. According to Sturdevant, had the sheriff's department produced him and allowed him to attend those hearings, he would have entered into a plea agreement that would have allowed him to serve a shorter sentence. For Ground Two, he argues that he had ineffective assistance of counsel because, despite Sturdevant's absence at the May 4, 2012 hearing, his attorney failed to "object to Sturdevant's absence." *Id.* at 6-7. I rejected these arguments in my October 2016 order for two reasons. Dkt. 21, at 8-9. First, although the state had extended its plea offer in January 2012, the state had withdrawn it before the May 2012 hearing. Dkt. 15-23, at 24, 32 (transcript of the sentencing hearing in

Columbia County); Dkt. 15-24, at 12, 26-27 (transcript of the postconviction motion hearing in Columbia County). This was because, after the state had extended the offer, Sturdevant was arrested in another case. Dkt. 15-5, at 4 ("[T]he State had withdrawn the plea offer in April . . . after Sturdevant was arrested on the second Dane County case"). Thus, Sturdevant's claim was factually erroneous: he had no plea offer to accept at either the May 4, 2012 hearing or the June 19, 2012 hearing.

Second, even if the state had not withdrawn its plea offer, Sturdevant still could not have entered into a plea agreement under Wisconsin state law. When Sturdevant appealed his case, the Wisconsin Court of Appeals explained that, under Wisconsin law, the accused cannot enter into a plea before (1) the state files its information; and (2) the accused either attends a preliminary examination or waives his right to it. Dkt. 15-5, at 4. In Sturdevant's case, the state filed its information in September 2012. Dkt. 15-22, at 4. And Sturdevant waived his right to a preliminary hearing in September 2012. *Id.* at 2. Thus, as a matter of state law, the Wisconsin Court of Appeals concluded that Sturdevant could not have entered into a plea agreement before September 2012. Dkt. 15-5, at 4. I do not have the authority to disagree with a state court on an issue of state law. *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law."). Because both Grounds One and Two of Sturdevant's petition hinges on his erroneous assumption that he could have entered into a plea had he been present at those hearings, I had to deny his petition.

Sturdevant now advances in his motion for reconsideration a slightly different theory: that I should reconsider my decision because he had cited the Sixth and Fourteenth Amendments of the United States Constitution in his brief in support of his petition.

Dkt. 23, at 1. I take Sturdevant to mean that I should decide his petition under the United States Constitution, instead of relying on facts or state law. But to be clear, Sturdevant does not dispute that he had no plea offer to accept because the state had withdrawn its plea offer. Indeed, Sturdevant now recognizes he had no plea to accept, as he states, "It is true that Sturdevant would have liked to have the plea-agreement offered to him previous to May 4, 2012, but that was secondary to Sturdevant's due Process rights that were violated that day, by his absence." Dkt. 23, at 2. So his new theory is that even though he did not have a plea offer to accept, the United States Constitution nonetheless guarantees him the due process right to be present at the May 4, 2012 and June 19, 2012 hearings. His new theory fails for two reasons.

First, Sturdevant has procedurally defaulted on his due process claim. The part of Sturdevant's brief where he cites the United States Constitution, Dkt. 5, at 13, is essentially a copy and paste of his brief submitted to the Wisconsin Court of Appeals, Dkt. 15-2, at 14-30. Both in his habeas petition brief before this court and in his state appellate brief, Sturdevant cites the Sixth and Fourteenth Amendments in passing in support of his ineffective assistance of counsel claim. But as the Seventh Circuit has explained, "an assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). "[I]n some circumstances, where ineffective assistance claims are presented '*as a means to reach*' the embedded claims and those claims are the *real substance* of a petitioner's challenge, [the court] will consider them fairly presented." *McGee v. Bartow*, 593 F.3d 556, 567 n.9 (7th Cir. 2010) (quoting *Malone v. Walls*, 538 F.3d 744, 755 (7th Cir. 2008) (emphasis added)). But that is not the case here; Sturdevant did not assert ineffective

3

assistance of counsel claim as a means to reach his due process claim, and the due process violation was not the real substance of his challenge. Sturdevant focused his arguments entirely on the state law issues, without any meaningful development of his due process argument under the United States Constitution. Dkt. 15-2, at 14-30. Sturdevant did not fairly present his due process claim by merely citing the Sixth and Fourteenth Amendments in passing.[1]

Second, even if I were to consider his due process claim on the merits, it would still fail. The Due Process Clauses of the Fifth and Fourteenth Amendments provide the "right of presence" at "all important steps in the criminal proceeding." *Small v. Endicott*, 998 F.2d 411, 415 (7th Cir. 1993). Whether a particular hearing qualifies as an "important step" depends on the hearing's nature. *Id.* Generally, the accused has the right to be present "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *United States v. Segal*, 495 F.3d 826, 837 (7th Cir. 2007) (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). "But 'the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.'" *Id.* (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107-08 (1934)). Thus, the Due Process Clauses do not guarantee the accused a right to attend *every* hearing. No due process violation occurs by a criminal defendant's absence at a hearing "where only preliminary matters of a procedural nature are at stake." *Small*, 998 F.2d at 415.

---

[1] Nor did Sturdevant present his due process claim on his collateral action in state courts. His one-page argument in support of his collateral challenge to his sentence focused entirely on Wisconsin Supreme Court decision in *State v. Hahn*, 2000 WI 118, 238 Wis. 2d 889, 618 N.W.2d 528, which—according to Sturdevant—allowed him to challenge his sentence for his fifth OWI conviction based on ineffective assistance of counsel in his fourth OWI case. Dkt. 15-12, at 6. Again, his argument had nothing to do with his constitutional right to be present at hearings. Sturdevant therefore procedurally defaulted on his claim.

Here, Sturdevant's absence at the May and June 2012 hearings did not violate his due process right. As discussed above, the state had not filed its information and Sturdevant had not waived his right to a preliminary hearing until September 2012. The hearings before September 2012 were preliminary in nature. As for the May 4, 2012 hearing, it was scheduled to give "some time for [Sturdevant's counsel] to find out what's happening with his bail[,]" because Sturdevant had not been charged yet. Dkt. 15-19, at 4-5 (transcript of March 20, 2012, when the court scheduled the May 4, 2012 hearing). The June 19, 2012 hearing had the same purpose, as it was a postponement of the May 4, 2012 hearing. Dkt. 15-20, at 3 (transcript of May 4, 2012, when the court postponed the May 4, 2012 hearing to June 19, 2012). Sturdevant does not explain what he would have accomplished by attending those hearings. Thus, any benefit Sturdevant would have enjoyed by attending those hearings is speculative at best.

## ORDER

IT IS ORDERED that petitioner Adam M. Sturdevant's motion for reconsideration, Dkt. 23, is DENIED.

Entered December 6, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge